**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**MAURICIO ALEXANDER GOMEZ ZOMETA,**

*Petitioner*,

v.

**WARDEN OF DELANEY HALL, *et al.*,**

*Respondents*.

---

No. 26-cv-12651

**ORDER**

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court by way of Petitioner Mauricio Alexander Gomez Zometa's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by his mother, Norma Virginia Zometa Menendez ("Menendez"), as Petitioner's "next friend," (ECF Nos. 1, 1-1); and

**WHEREAS**, because Petitioner has failed to pay the filing fee or submit an application to proceed *in forma pauperis*, the Court cannot accept the Petition. A habeas petition "must be filed with the clerk and must be accompanied by: (1) the applicable filing fee, or (2) a motion for leave to proceed in forma pauperis . . . ." Rule 3(a), Rules Governing Section 2254 Cases filed in the United States District Courts (applicable to § 2241 action under Rule 1). "Petitioner must either submit the $5 filing fee or a complete application to proceed in forma pauperis for his habeas petition to be considered." *Marshall v. N'Diaye*, No. 22-0889, 2022 WL 623497, at *1 (D.N.J. Mar. 3, 2022); and

**WHEREAS**, additionally, Menendez cannot bring this action as Petitioner's "next friend." The federal habeas statute requires that a petition for writ of habeas corpus "shall be in writing

signed and verified by the person whose relief it is intended or someone acting in his behalf." 28 U.S.C. § 2242. In limited circumstances, persons unable to prosecute their own action may have third persons—"next friends"—stand in for them. *See Whitmore v. Arkansas*, 495 U.S. 149, 161–62 (1990). "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163. "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163–64 (citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164. "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another[,]" *id.* at 163, and "next friend habeas petitions are 'rare,'" *Dyer ex rel. Dyer v. Warden of S. Woods State Prison*, No. 25-14807, 2025 WL 2783868, at *2 (D.N.J. Sept. 30, 2025) (quoting *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998)); and

**WHEREAS**, here, Menendez has not adequately established the first requirement for "next friend" standing. Although Menendez declares that Petitioner's "housing ward remains unknown" so she is "unable to visit him to request he sign documents," (ECF No. 1 at 12), that conclusory assertion does not explain how Petitioner's detention renders him unable to access the Court or file a petition on his own behalf. *See Jimenez Osorio v. Dir., Delaney Hall Det. Facility*, No. 26-359, 2026 WL 289521, at *2 (D.N.J. Feb. 4, 2026). Moreover, while the Court has little doubt that Menendez, as Petitioner's mother, is truly dedicated to Petitioner's best interests, there is no indication that Menendez is an attorney, and "[a] non-attorney cannot represent another party, even if acting as a next friend." *Schlemmer v. Cent. Intelligence Agency*, 804 F. App'x 127, 128 n.2 (3d

Cir. 2020). For these reasons, the Court cannot accept the "next friend" Petition as currently presented; therefore

**IT IS HEREBY** on this 28th day of September, 2026,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter without filing the Petition; and it is further

**ORDERED** that Menendez's request to pursue this matter as Petitioner's "next friend" is **DENIED WITHOUT PREJUDICE**. Menendez may renew the request within fourteen (14) days of this Order by submitting, through counsel, a motion that sets forth allegations and evidence sufficient to establish next-friend standing under *Whitmore*; and it is further

**ORDERED** that, alternatively, Petitioner has fourteen (14) days from the date of this Order to submit a signed and verified petition on his own behalf; and it is further

**ORDERED** that any amended petition filed by Petitioner, or on Petitioner's behalf, shall be accompanied by either the $5 filing fee or a properly completed application to proceed *in forma pauperis*; and it is further

**ORDERED** that the Court's no-transfer order, (ECF No. 2), shall remain in effect until further order of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and a blank application to proceed *in forma pauperis* upon Petitioner and/or Menendez electronically via email and by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition, (ECF No. 1), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**