**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**MAURICIO ALEXANDER GOMEZ ZOMETA,**

*Petitioner*,

v.

**WARDEN OF DELANEY HALL, *et al.*,**

*Respondents*.

No. 26-cv-12651

**ORDER**

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court upon the *pro se* Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 4), and Respondents' response thereto, (ECF No. 10); and

**WHEREAS**, Petitioner is a native and citizen of El Salvador who entered the United States without inspection in May 2014. (*Id.* at 2). In August 2014, an Immigration Judge ("IJ") ordered Petitioner released on a $10,000 bond, which Petitioner posted. (*Id.*). Thereafter, Petitioner remained at liberty for more than twelve years before Immigration and Customs Enforcement ("ICE") re-detained him on September 22, 2026. (*Id.*). Petitioner alleges that he complied with all the conditions of his bond and attended all required ICE check-ins. (Am. Pet., ECF No. 4-2 ¶ 4). He has no criminal history. (Gov't Ex., ECF No. 10-2 at 3); and

**WHEREAS**, ICE initially issued a custody determination on September 22, 2026, indicating that Petitioner would be detained without bond. (ECF No. 10-9). ICE then issued a subsequent notice of custody determination on October 2, 2026, this time setting bond at $15,000. (ECF No. 10-10); and

**WHEREAS**, Petitioner alleges that this arrest and re-detention are unlawful in violation of both ICE regulations and the Due Process Clause. (*See generally* Am. Pet., ECF No. 4); and

**WHEREAS**, on October 9, 2026, the Court directed Respondents to respond to the Amended Petition and explain, among other things, "the procedures employed to revoke or modify [Petitioner's] prior release, and the basis for the new custody determination." (ECF No. 7); and

**WHEREAS**, Respondents expressly acknowledge that their response has not satisfied the Court's Order, conceding that they have not explained either the procedures employed to revoke or modify Petitioner's prior release or the factual or legal basis for ICE's new custody determination. (ECF No. 10 at 5); and

**WHEREAS**, although ICE possesses statutory authority to revoke an immigration bond, courts have recognized that ICE may not unilaterally disturb an IJ's prior bond determination absent changed circumstances. *See, e.g.*, *Luna Sanchez v. Bondi*, No. 25-018888, 2025 WL 3191922, at *4 (E.D. Va. Nov. 14, 2025) (citing cases); *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981); and

**WHEREAS**, to the extent Respondents rely upon Petitioner's alleged failure to report a change of address from North Arlington, New Jersey, to North Bergen, New Jersey, (Gov't Resp., ECF No. 10 at 4; ECF No. 10-2)—which ICE apparently only discovered after Petitioner was encountered on the street and voluntarily disclosed his new address—the record does not indicate whether or how Respondents made any determination that this alleged failure was "willful" or not "reasonably excusable," 8 U.S.C. § 1306(b), or that it was a "substantial violation" of the conditions of bond, 8 C.F.R. § 103.6(e). *See Bahramizadeh v. U.S. I.N.S.*, 717 F.2d 1170, 1173 (7th Cir. 1983) ("[T]he addition of the substantiality requirement thus requires some evaluation of such factors as to the extent of the breach, whether it was intentional or accidental on the part of

the alien, whether it was in good faith and whether the alien took steps to make amends or to place himself in compliance."); and

**WHEREAS**, in any event, Respondents have failed to meet their burden to show the detention is lawful as they have offered no explanation for ICE's reversal of its September 22, 2026, determination to detain Petitioner without bond and subsequent determination authorizing release upon payment of a $15,000 bond.[1] Nothing in the record indicates whether or how ICE determined that Petitioner's alleged failure to update his address rendered him a greater danger or flight risk justifying increased bond; and

**WHEREAS**, although Respondents have broad discretion to detain non-citizens, that discretion is still bounded by the requirement of fundamental fairness enshrined in the Due Process Clause. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Carlson v. Landon,* 342 U.S. 524, 540–41 (1952) (noting that the Attorney General's discretion may be "overridden where it is clearly shown that it was without a reasonable foundation" (quotation marks omitted)). And "[t]he suggestion that government agents may sweep up any person they wish without consideration of dangerousness or flight risk, so long as the person will, at some unknown future date, be allowed to ask some other official for his or her release, offends the ordered system of liberty that is the pillar of the Fifth Amendment." *E.g.*, *Gonzalez v. Joyce*, No. 25-8250, 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025); and

**WHEREAS**, arbitrary re-detention in this manner implicates both substantive and

[1] The Government's response states that the U.S. Attorney's Office "has sought clarification from ICE as to why Petitioner was served a subsequent I-286 on October 2, 2026, which granted release on bond, after initially receiving an I-286 upon arrest on September 22, 2026, in which DHS determined that Petitioner be detained. We have also attempted to ascertain from ICE why the date next to Petitioner's signature on the I-286 issued on October 2 appears to be October 6. As of this writing, ICE has not responded with information to explain these issues." (ECF No. 10 at 3 n.3).

procedural due process because “[a]ny interest that the federal respondents may have in securing [Petitioner’s] presence at immigration proceedings has been accounted for by the IJ’s imposition of bond.” *Luna Sanchez*, 2025 WL 3191922, at *5 (alterations in original) (citation omitted); and

**WHEREAS**, on the present record, the Court finds that Petitioner’s re-detention is wholly arbitrary and unsupported by any demonstrated individualized assessment of changed circumstances or, indeed, any semblance of reasoned decision-making; therefore,

**IT IS HEREBY** on this 16th day of October, 2026,

**ORDERED** that Petitioner’s Amended Petition for Writ of Habeas Corpus is **GRANTED**; and it is further

**ORDERED** that Respondents shall **IMMEDIATELY RELEASE** Petitioner from custody pursuant to his original bond and subject to the conditions of his prior release, without requiring the posting of any new or additional bond; and it is further

**ORDERED** that Respondents shall file a letter confirming Petitioner’s release and compliance with this Order within twenty-four hours of entry of this Order; and it is further

**ORDERED** that this Court shall retain jurisdiction over this matter and Petitioner may move to reopen these proceedings in the event of any re-detention; and it is finally

**ORDERED** that the Clerk of the Court shall close this case.

Christine P. O'Hearn

**CHRISTINE P. O’HEARN**
**United States District Judge**